UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERESA GRADO,

    Plaintiff,

v.

LVNV FUNDING, LLC, RESURGENT
CAPITAL SERVICE, L.P., and BQ &
ASSOCIATES, P.C., L.L.O.,

    Defendants.

Case No. 25-2401-DDC-BGS

## SCHEDULING ORDER

On December 10, 2025, U.S. Magistrate Judge Brooks G. Severson conducted a scheduling conference by telephone in accordance with Fed. R. Civ. P. 16. Plaintiff Teresa Grado appeared through counsel James Crump and Anthony Chester. Defendants LVNV Funding, LLC and Resurgent Capital Service, L.P. appeared through counsel Ke Liu. Defendant BQ & Associates, P.C., L.L.O did not appear.[1] Following is a brief summary of the nature of the case:[2]

> This is an action by Teresa Grado against debt collectors that pursued her for the better part of a year for a debt that was not hers. In the initial debt collection phase, she provided documentation to prove that they had the wrong person, but LVNV and Resurgent continued to demand payment from her. Thereafter, and despite the

---

[1] Counsel for BQ & Associates, Christian Taylor, failed to appear. The undersigned conferred with Plaintiff's counsel and defense counsel for LVNV Funding. They confirmed that Mr. Taylor approved the proposed scheduling order submitted to Chambers. Counsel stated that they had no issues with proceeding forward. Further, given that counsel from both sides of the litigation were present and ready to proceed, the Court did not view the conference as prohibited ex parte communication. Mr. Taylor may contact Chambers if he wants to discuss the case schedule, or anything related to the scheduling conference.

[2] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, crossclaimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, crossclaim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

contacts and evidence Ms. Grado provided to LVNV, Resurgent, and later BQ, Defendants elected to sue her and use the court system to attempt to extract money out of who they knew (or should have known) was the wrong person.  In the debt collection lawsuit, Ms. Grado again provided proof that they sued the wrong person, but Defendants pressed forward.  Only when hit with a dispositive motion after failing to respond to requests for admission did Defendants relent and agree to dismiss the debt collection lawsuit.  Based upon the above, Plaintiff brings claims for: violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), Malicious Prosecution, and Violations of the Kansas Consumer Protection Act.  Plaintiff intends on amending to add a claim of punitive damages once appropriate to do so.

Defendants deny the allegations and claims Plaintiff has asserted here and in her Complaint, deny that they violated the FDCPA or Kansas Consumer Protection Act, deny that they are liable for malicious prosecution, deny that Plaintiff has suffered any injury causally related to their conduct, and deny they are liable to Plaintiff.

After consultation with the parties, the Court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to the Court | **December 19, 2025** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **December 19, 2025** |
| Plaintiff's settlement proposal | **December 17, 2025** |
| Defendant's settlement counter-proposal | **December 31, 2025** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **January 14, 2026** |
| Comparative fault identification | **N/A** |
| Motions to amend | **February 4, 2026** |
| Mediation completed | **March 27, 2026** |
| Experts disclosed | **May 1, 2026** |
| Physical and mental examinations | **May 22, 2026** |
| Rebuttal experts disclosed | **June 1, 2026** |

2

| Supplementation of initial disclosures | 40 days before the deadline to complete all discovery |
|---|---|
| All discovery completed | **July 1, 2026** |
| Proposed pretrial order due | **July 29, 2026** |
| Pretrial conference (by telephone) | **August 6, 2026 at 2:00 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **September 3, 2026** |
| Motions challenging admissibility of expert testimony | **42 days before trial;** however, if the *Daubert* challenge encompasses a summary judgement issue, then the deadline is **September 3, 2026** |
| Trial — ETT 5 days | **Beginning on May 3, 2027, at 9:00 a.m.** |

**1.     Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the Court determined that settlement potentially would be enhanced by early mediation. Toward that end, Plaintiff must submit a good-faith settlement proposal to Defendants by **December 17, 2025**. Defendants must make a good-faith counter-proposal by **December 31, 2025**. By **January 14, 2026**, either (a) the parties must file a joint notice stating the full name, mailing address, and telephone number of the mediator they selected, along with the firmly scheduled date, time, and place of mediation, or (b) each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge at *ksd_severson_chambers@ksd.uscourts.gov.* These confidential reports must not be submitted to the presiding U.S. District Judge or filed with the Clerk's Office. These confidential reports must set forth in detail the parties' settlement efforts to date (including the amounts of offers exchanged), evaluations of the case, views concerning future settlement negotiations, overall settlement prospects, and a specific recommendation regarding mediation or any other ADR method, e.g., arbitration, early-neutral evaluation, or a settlement conference with

3

a magistrate judge. If the parties cannot agree on a mediator and any party wants the Court to select a particular mediator or other ADR neutral, then the parties may each submit up to three nominations in their confidential settlement reports; such nominations must include each nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. Absent further order of the Court, **mediation is ordered** no later than **March 27, 2026**. Defense counsel must file an ADR report within 14 days after any scheduled ADR process, using the form on the Court's website: *http://www.ksd.uscourts.gov/adr-report/.*

**2.    Discovery.**

    **a.**    The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, damages, and insurance. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

    **b.**    All discovery must be commenced or served in time to be completed by **July 1, 2026**.

    **c.**    The parties agree that principles of comparative fault do not apply.

    **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2) must be served as follows: As required by Fed. R. Civ. P. 26(a)(2)(D), expert disclosures must be served by **May 1, 2026,**

and, for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served by **June 1, 2026**. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the Court pursuant to D. Kan. Rule 37.1(a).

  e. The parties disagree whether physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case. The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **May 22, 2026**. If the parties disagree about the need for or scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline to allow the motion to be fully briefed and decided by the Court, and the examination conducted, all before the deadline expires.

  f. The Court considered the following discovery problem(s) raised by one or more of the parties: None at this time.

  g. Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows:

> The Parties will produce ESI documents in PDF format as an initial matter unless impracticable, in which case such items should be produced in their native format.

      **h.**    Consistent with the parties' agreement, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

> The Parties will address claims of privilege or of protection in a protective order.

      **i.**    To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the Court adopts as its order the following procedures agreed to by the parties and counsel:

1. The parties will attempt in good faith to resolve discovery disputes with a phone call and email correspondence between lead counsel(s).

2. Depositions will be taken by agreement and will be limited in accordance with the Federal Rule of Civil Procedure 30.

3. The parties will share the same court reporter and videographer for scheduled depositions.

4. The Parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses for all counsel of record. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means. Hard copies of all electronically served documents will be made available to any party upon request.

5. Exhibits will be numbered sequentially.

6. No party will be entitled to discovery of communications with counsel or draft expert reports. Inadvertent production does not waive the privilege.

      **j.**    All depositions will be governed by the written guidelines on the Court's website:

*https://ksd.uscourts.gov/file/843*

      **k.**    Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed

protective order by **December 19, 2025**. This proposed protective order should be drafted in compliance with the guidelines available on the Court's website:

https://ksd.uscourts.gov/file/919

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the Court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the Court's website:

https://ksd.uscourts.gov/civil-forms

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **December 19, 2025**. A pre-motion conference with the Court is required prior to filing any disputed motion for a protective order.

**l.** The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

**m.** The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the Court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

3.  **Motions**

    a.  Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **February 4, 2026**.

    b.  All potentially dispositive motions (e.g., motions for summary judgment), must be filed by **September 3, 2026**. The Court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

    c.  Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the Court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute. The parties should follow the summary-judgment guidelines available on the Court's website: *https://ksd.uscourts.gov/file/326*.

    d.  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed **42 days before trial;** however, if the *Daubert* challenge encompasses a summary judgement issue, then the deadline is **September 3, 2026**.

    e.  Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the Court to arrange a telephone conference with the judge and opposing counsel. The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any

preference for conducting the conference in person or by phone.  The Court will typically grant the request and contact the parties to arrange the conference within a few days.  The Court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  <u>Unless otherwise requested by the Court, no disputed discovery-related motion, material, or argument should be filed or submitted prior this telephone conference</u>.  *See* D. Kan. Rule 37.1(a).

**f.**  To avoid unnecessary motions, the Court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**  **Pretrial Conference, Trial, and Other Matters.**

**a.**  Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **August 6, 2026, at 2:00 p.m.** by telephone (316-402-0044; conference ID number 485 069 538).  The judge may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **July 29, 2026**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_severson_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the Court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.**  The parties expect the jury trial of this case to take approximately 5 trial days.  This case is set for trial beginning on **May 3, 2027, at 9:00 a.m.** in Kansas City, Kansas.  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom

deputy to determine the day of the docket on which trial of the case actually will begin. The trial setting may be changed only by order of the judge presiding over the trial.

  **c.**  If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the Court's website at:

<p align="center"><i><a href="https://ksd.uscourts.gov/civil-forms">https://ksd.uscourts.gov/civil-forms</a></i></p>

  **d.**  This scheduling order will not be modified except by leave of court upon a showing of good cause.

  **IT IS SO ORDERED.**

  Dated December 10, 2025, at Wichita, Kansas.

<div align="right">
/s/ BROOKS SEVERSON<br>
Brooks G. Severson<br>
United States Magistrate Judge
</div>